**UNITED STATES of America**

v.

**Bryant BOWE.**

**Crim. No. 93–334–N.**

United States District Court,
M.D. Alabama,
Northern Division.

June 6, 1994.

James Eldon Wilson, U.S. Atty., Kent B. Brunson, Asst. U.S. Atty., Montgomery, AL, for U.S.

James E. Bridges, III, Montgomery, AL, for Bryant Bowe.

*MEMORANDUM OPINION*

MYRON H. THOMPSON, Chief Judge.

Defendant Bryant Bowe pled guilty to assault of a federal postmaster with intent to commit robbery. Relying on U.S.S.G. § 4A1.2(c)(1), Bowe contended at his sentencing hearing that, in determining his "criminal history category," the court should have excluded his nine prior convictions for insufficient funds check. The court agreed, however, with the government that the nine convictions should be included. With this memorandum opinion, the court explains its ruling.

I.

Bowe was charged in a two-count indictment with assault of a federal postmaster with intent to commit robbery, in violation 18 U.S.C.A. § 2114, and with use of a firearm in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1). The details of Bowe's actions are brutal. On November 19, 1993, in Titus, Alabama, Bowe entered the local post office and forcibly seized money orders and cash. Bowe then forced the postmaster to drive to an abandoned house, where he beat the postmaster with a golf club, stabbed him, and left him for dead. The postmaster suffered stab wounds in his neck and in the front of his left ear. He also suffered a concussion. Bowe pled guilty to the assault count, the government dismissed the firearms count, and Bowe was sentenced to 19 years and seven months in prison.

II.

Subsection (c)(1) of Section 4A1.2 of the United States Sentencing Guidelines provides that a conviction for "insufficient funds check" may be counted as a prior offense "only if ... the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days."[1] Bowe argued that, because the sentence for each of his nine insufficient-funds-check convictions was for less than 30 days, each conviction should have been excluded. The government responded that, because the nine convictions totaled over 30 days, the convic-

---

1. Section 4A1.2 provides in relevant part:
"Definitions and Instructions for Computing Criminal History
(a) Prior Sentence Defined
(1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense.
(2) Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c). Use the longest sentence of imprisonment if concurrent sentences were imposed and the aggregate sentence of imprisonment imposed in the case of consecutive sentences.

(c) Sentences Counted and Excluded
Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
(1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
  Careless or reckless driving
  Contempt of court
  Disorderly conduct or disturbing the peace
  Driving without a license or with a revoked or suspended license
  False information to a police officer
  Fish and game violations
  Gambling
  Hindering or failure to obey a police officer
  Insufficient funds check
  Leaving the scene of an accident
  Local ordinance violations (excluding local ordinance violations that are also criminal offenses under state law)
  Non-support
  Prostitution
  Resisting arrest
  Trespassing.
(2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
  Hitchhiking
  Juvenile status offenses and truancy
  Loitering
  Minor traffic infractions (e.g., speeding)
  Public intoxication
  Vagrancy."

tions should be counted. The issue therefore is whether the nine prior insufficient-funds-check convictions should be considered separately or together in applying subsection (c)(1) of § 4A1.2.

Both parties correctly observe that subsection (a)(2) of § 4A1.2 authorizes aggregation of certain sentences and the treatment of these sentences as one sentence. This subsection provides that, "Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." [2] Bowe argues that, because subsection (a)(2) refers to only § 4A1.1(a), (b), and (c), and does not refer to subsection (c)(1) of § 4A1.2, subsection (a)(2) does not authorize aggregation when applying subsection (c)(1). Bowe's argument is without merit because he overlooks the manner in which the various sections of the sentencing guidelines logically interrelate.

■ Section 1B1.1 of the United States Sentencing Guidelines provides the general principles for determining a defendant's sentence. Subsection (f) of § 1B1.1 directs that the court "Determine the defendant's criminal history category as specified in Part A of Chapter 4." The leadoff provision in Part A of Chapter 4 is § 4A1.1. This section provides that the criminal history category is determined according to the total criminal history "points." [3] Subsection (c) of § 4A1.1 directs that a defendant should receive one point for each "prior sentence" of less than 60 days. The commentary to this subsection explains that, "The term 'prior sentence' is defined at § 4A1.2(a)." U.S.S.G. § 4A1.1, comment. (n. 3). Subsection (a)(1) of § 4A1.2, in turn, provides that, "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." In addition, as previously stated, subsection (a)(2) of § 4A1.2 defines a prior sentence also to include the treatment

**2.** *See* note 1, *supra.* The commentary to § 4A1.2 defines a "related case" as follows:

"Related Cases. Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing. The court should be aware that there may be instances in which this definition is overly broad and will result in a criminal history score that underrepresents the seriousness of the defendant's criminal history and the danger that he presents to the public. For example, if a defendant was convicted of a number of serious non-violent offenses committed on different occasions, and the resulting sentences were treated as related because the cases were consolidated for sentencing, the assignment of a single set of points may not adequately reflect the seriousness of the defendant's criminal history or the frequency with which he has committed crimes. In such circumstances, an upward departure may be warranted. Note that the above example refers to serious non-violent offenses. Where prior related sentences result from convictions of crimes of violence, § 4A1.1(f) will apply."
U.S.S.G. § 4A1.2, comment. (n. 3). Bowe's nine prior convictions for insufficient funds check are "related cases" under this definition.

**3.** Section 4A1.1 provides:

"The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.
(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.
(f) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion."

of prior sentences imposed in related cases as one sentence. The commentary to subsection (c) of § 4A1.1 then refers to the inclusion or exclusion of certain prior sentences pursuant to subsection (c)(1) of § 4A1.2. The commentary explains that,

"Certain prior sentences are not counted or are counted only under certain conditions: ... Sentences for certain specified non-felony offenses are counted only if they meet certain requirements. *See* § 4A1.2(c)(1)."

*Id.* It is clear from this commentary when read in conjunction with the prior commentary that, before a court may reach a conclusion as to whether certain sentences should be counted or excluded pursuant to subsection (c)(1) of § 4A1.2, the court must first determine whether the sentences are prior sentences within the definition § 4A1.2(a) and this initial determination includes whether the sentences should be treated as one sentence pursuant to subsection (a)(2) of § 4A1.2. Subsection (a)(2) therefore applies to subsection (c)(1).

Finally, the sentencing policy underlying the United States Sentencing Guidelines dictates this result. The Sentencing Guidelines have two objectives: first, "reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar offenses committed by similar offenders"; and, second, "proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of differing severity." U.S.S.G. Ch. 1, Pt. A, intro. (Nov. 1993). In determining a defendant's sentence, a court must penultimately use two factors, the defendant's "offense level" and his "criminal history category." *Id.* Ch. 5, Pt. A. It is apparent that subsection' (a)(2) of § 4A1.2 serves these goals by providing that, in determining a defendant's criminal history category, the court must treat prior sentences imposed in related cases as one sentence. This provision allows courts to pierce the defendant's criminal history "paperwork" to determine as nearly as possible the true seriousness of the defendant's prior criminal conduct and thus the true danger that he presents to society. Fidelity to this sentencing policy compels the conclusion that subsection (a)(2) applies to subsection (c)(1).